IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L. JONES II | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-2100-P-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Johnny L. Jones II, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2007, petitioner pled guilty to murder and was sentenced to 50 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jones*, WR-73,869-02 (Tex. Crim. App. Sept. 8, 2010). Petitioner then filed this action in federal district court.

II.

Petitioner raises three issues in one broad ground for relief. Succinctly stated, petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; and (3) he is factually and legally innocent.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on January 11, 2011. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 50 years confinement for murder. Judgment was entered on September 28, 2007, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on October 29, 2007.[1] *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner did not file an application for state post-conviction relief until July 23, 2009 -- almost 21 months after his conviction became final. The writ was denied on September 8, 2010.[2] Petitioner filed this action in federal district court on October 12, 2010.

1.

In an attempt to avoid the dismissal of this case, petitioner argues that he suffers from a schizoaffective disorder that prevented him from timely filing a federal writ. The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3-09-CV-2272-P, 2010 WL 5071614 at *2 (N.D. Tex. Oct. 25, 2010), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010), *citing Smith v. Johnson*, 247 F.3d 240 (Table), 2001 WL 43520 at *3 (5th Cir. Jan. 3, 2001). A petitioner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights" in a timely manner. *Id.*, 2010 WL 5071614 at *2; *see also Smith v. Kelly*, 301 Fed.Appx. 375, 377, 2008 WL 5155222 at *2-3 (5th Cir. Dec. 9, 2008).

---

[1] The 30th day after judgment was entered fell on Sunday, October 28, 2007. As a result, petitioner had until the following Monday, October 29, 2007, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

[2] Because petitioner filed his state writ after the AEDPA limitations period expired, he is not entitled to statutory tolling for the 412 days the writ was pending. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001).

Other than his self-serving declaration, which consists largely of vague allegations that he experienced "some hallucinations" in November 2007 while incarcerated at the Middleton Unit of the TDCJ-CID, and that he was not given any psychotropic medications while incarcerated at the Darrington Unit from December 2007 until March 2008, (*see* Pet. Reply, Decl. at 1-2), petitioner offers nothing to show that he was mentally impaired to such a degree that he could not timely file his federal writ. Prison medical records for the period from October 2007 to October 2008 show only that petitioner experienced intermittent episodes of audio and visual hallucinations when he stopped taking his medications. *See Ex parte Jones*, WR 73,869-02, Tr. at 28-39. During a psychiatric evaluation performed at the Middleton Unit on November 8, 2007, petitioner self-reported that "voices are not active at this time[,]" and were not active when he was started on medications while in Dallas County custody. *Id.*, Tr. at 28. Although the examiner recommended continuing petitioner on his medications, petitioner indicated that he "wants to stay off the medications for now." *Id.* Three months later, on February 13, 2008, petitioner reported hearing voices and "see[ing] dead people and demons[.]" *Id.*, Tr. at 30. At his request, petitioner was scheduled to be put back on his medications, which had alleviated his symptoms in the past. *Id.*, Tr. at 33.[3] A follow-up examination performed on March 18, 2008, after petitioner was transferred to the Polunsky Unit, noted that petitioner's thought process was lucid, with possible delusions. *Id.*, Tr. at 33. However, by the next month, petitioner's thought process was lucid, organized, and free of delusions. *Id.*, Tr. at 35. Just three days after his April 14, 2008 mental status evaluation, petitioner reported that his audio and visual hallucinations had increased since psychotropic medications were discontinued. *Id.*, Tr. at 37. But even during that visit, petitioner's thought process

---

[3] In his declaration, petitioner alleges that powerful anti-psychotic drugs, such as Thorazine, caused him to "sleep much of the day." (*See* Pet. Reply, Decl. at 3-4). However, that occurred in December 2008, after the AEDPA statute of limitations expired. (*Id.*).

remained lucid, organized, and free of delusions. *Id.* No abnormalities in orientation, behavior, speech, thought content, memory, mood, affect, impulse control, or insight and judgment were observed. *Id.* Similar observations were made by the clinic staff in a note dated April 25, 2008. *Id.*, Tr. at 38. The next entry in the medical records is November 3, 2008, wherein petitioner "denied current MH-problems." *Id.*, Tr. at 41.

Although petitioner suffers from a schizoaffective disorder and periodically experiences hallucinations, which are more frequent and severe when he is not medicated, there is no evidence that this mental condition interfered with his ability to file a federal writ in a timely manner. Of particular significance is that almost all of petitioner's medical records during the relevant time period, from October 2007 to October 2008, indicate that his thought process was lucid, organized, and free of delusions, and that his thought content was "appropriate." On these facts, the court finds no basis for equitable tolling. *See, e.g. Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Guerra*, 2010 WL 5071614 at *2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing facts related to the degree and duration of his mental impairment).

2.

To the extent petitioner seeks equitable tolling due to his ignorance of the law and *pro se* status, these are not "rare and exceptional" circumstances warranting such relief. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of the law and *pro se* status held insufficient to merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (same as to unfamiliarity with legal process and lack

of representation). Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE